**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL,<br><br>     Plaintiff,<br>  v.<br>CALABEE'S INC. et al.,<br><br>     Defendants. | Case No. 2:12-cv-10059-ODW(PJWx)<br><br>**ORDER SEVERING AND DISMISSING DEFENDANTS** |

  Upon review of Plaintiff Martin Vogel's Complaint, the Court finds that the various Defendants are improperly joined. Accordingly, under Federal Rule of Civil Procedure 21, the Court sua sponte severs and dismisses the improperly joined Defendants.

  Plaintiff alleges violations of the Americans with Disabilities Act (and related California statutes) against five Defendants commonly located at a shopping center in Monrovia, California. (Compl. ¶ 1.) All of these violations involve physical or intangible barriers that hinder access to or at the Defendants' facilities. (Compl. ¶ 18.) Many of the alleged barriers relate to the architectural and interior design of restroom facilities. (*E.g.*, Compl. ¶ 20.) But Plaintiff pleads no relationship between the Defendants other than the fact they are all located in the same shopping center.[1]

---

[1] Although not pleaded, the Court notes that Defendant Huntington Oaks Delaware Partners, LLC is likely the landlord of the shopping center and has a landlord-tenant relationship with each of the other Defendants.

>A plaintiff may join defendants in one action if:
>
>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A–B). Courts generally take a generous view on Rule 20 and encourage the joinder of parties to promote "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Nevertheless, joinder still must be proper. And if the test for permissive joinder is not satisfied, a court in its discretion may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Then after severance, the court can dismiss all but the first named plaintiff without prejudice. *Id.*; Fed R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

In this case, Plaintiff seeks redress for physical or intangible barriers that hinder access to or at the Defendants' facilities. And while the various Defendants are located in a common shopping center, these Defendants have nothing in common. It cannot be said that the Defendants have embarked on a collaborative mission to place toilet-paper dispensers a little too high, or to make bathroom stalls a bit too narrow. Each ADA violation was committed (or omitted) independently by each Defendant. Likewise, it is implausible that the Defendants jointly discriminated against Plaintiff for her disability.

Plaintiff cannot assert that the violations by the various Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, simply because Plaintiff happened to visit each of the Defendant's facilities at the same shopping center, on the same day. Whether Plaintiff discovered or was affected by the various ADA violations in two adjacent stores matters not. Whether Plaintiff visited these two adjacent stores minutes apart also matters not.

1   Finally, Plaintiff might also argue that the Defendants should all be joined in
2 one lawsuit because they each rent a facility from a common landlord, Huntington
3 Oaks Delaware Partners, LLC.  Plaintiff may also speculate that it is the landlord who
4 manages and maintains the Defendants' restroom facilities and other common areas.
5 But in this case, Plaintiff reached too far.  It may be proper to join a store defendant
6 with its landlord based on allegations that the landlord is jointly responsible for the
7 ADA violations.  Yet, to then join other stores as defendants just because they each
8 rent their facility from the same landlord is improper.
9   In sum, the Court finds no evidence supporting Plaintiff's contention that the
10 alleged violations by the various Defendants arise out of the same transaction,
11 occurrence, or series of transactions or occurrences.  Based on this finding, the Court
12 finds it unnecessary to opine on whether there are common questions of law or fact
13 among the Defendants.  And since these transactions are entirely separate, the Court
14 cannot conceive of any prejudice to either Defendants or Plaintiff by severing the
15 Defendants.
16   Therefore, the Court hereby **SEVERS** all Defendants except the first named
17 Defendant, Calabees, Inc.  These severed Defendants are **DISMISSED WITHOUT**
18 **PREJUDICE**.  Should Plaintiff desire to refile his case against the dismissed
19 Defendants in this district, he must file the cases separately; and for each one, file a
20 notice of related cases under L.R. 83-1.3.
21   **IT IS SO ORDERED.**
22   January 22, 2013

                                    _____
                                         **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**

3